United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS LAWRENCE d/b/a SKYWARD | § | |
| TRANSPORTATION LLC, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-04236 |
| | § | |
| DEL MONTE FRESH PRODUCE | § | |
| (TEXAS), INC., | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Pending before the Court is Defendant Del Monte Fresh Produce (Texas), Inc.'s ("Del Monte") Motion to Transfer. (Dkt. 20). Having reviewed the motion, response, and the applicable law, the Motion to Transfer is **DENIED**.

## FACTUAL BACKGROUND

This action arises from a business arrangement between Plaintiff Curtis Lawrence d/b/a Skyward Transportation LLC ("Lawrence") and Del Monte for the shipment of produce and commodities. As part of this arrangement, the parties entered into a motor carrier services agreement ("Agreement"). Under the Agreement Lawrence provided, from time to time, interstate and intrastate carrier services as requested by Del Monte. Skyward Transportation LLC is a Louisiana corporation with its principal place of business in

Louisiana. The Del Monte entity that entered into this contract is Del Monte Fresh Produce N.A. Inc. and its address is listed in the Agreement as Coral Gables, Florida.[1]

Lawrence filed this lawsuit asserting four causes of action against Del Monte. First Lawrence asserts a cause of action for race discrimination under 42 U.S.C. Section 1981 alleging among other things that he was "subjected to unlawful and racially discriminatory animus and treatment by Del Monte regarding the bid process, route distribution and assignment, complaint process, payment history, termination of contract, bogus 'claims' process, and other aspects of his commercial arrangement" with Del Monte. Under this statute Lawrence also asserts a cause of action for retaliation based on racial animus. Under state law Lawrence asserts a cause of action against Del Monte for tortiously interfering with his existing contract with a company named La Bodega for carrier services at the Port of Galveston, Texas. Lawrence alleges that Del Monte did so by, among other things, preventing him from picking up and transporting La Bodega's produce at that facility. Finally, Lawrence asserts a state law cause of action for breach of the Agreement.

Del Monte now seeks to transfer this action to the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Del Monte asserts that, as reflected by the forum selection clause in the Agreement, the parties contemplated that actions such as this case would be brought in U.S. District Court for the Southern District

---

[1] Del Monte contends that "Del Monte Fresh Produce (Texas), Inc.," the named defendant and "Del Monte Fresh Produce N.A., Inc.," the entity that signed the Agreement, are two separate entities.

2

of Florida. Del Monte further argues that private and public interests weigh in favor of the Court granting the motion to transfer.  The Court examines these arguments below.

1. **Legal Standard: The Interplay Between 28 U.S.C. § 1404(a) and Forum Selection Clauses**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). According to well-established Supreme Court and Fifth Circuit precedent, § 1404 "should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms." *In re Rolls Royce Corporation*, 775 F.3d 671, 677 (5th Cir. 2014) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 636-37 (1964)) (internal quotations omitted). After all, "[t]he purpose of Section 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Santander Consumer USA, Inc. v. Homer Skelton Enterprises, Inc.*, 3:17-CV-0568-G, 2017 U.S. Dist. LEXIS 129475, 2017 WL 3492228, at *2 (N.D. Tex. Aug. 15, 2017) (quoting *Van Dusen*, 376 U.S. at 616) (internal quotations omitted).

As a general matter, "[i]t is well-settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed." *Dupre v. Spanier Marine Corporation*, 810 F. Supp. 823, 825 (S.D. Tex. 1993) (citing *Time, Inc. v. Manning*,

3

366 F.2d 690, 698 (5th Cir. 1966)). Placing the burden on the moving party to show "good cause" for the transfer "reflects the appropriate deference to which the plaintiff[s'] choice of venue is entitled." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ["*Volkswagen II*"] (en banc). This burden on the movant is "significant" and unless the transferee district is "clearly more convenient than the one chosen by the plaintiff" the plaintiff's choice of venue should be respected. *Id.*

"The preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue." *Id.* at 312 (internal quotations omitted). This requires a finding that the transferee court has jurisdiction over the defendant and venue in the transferee district would be proper. *Frost v. ReliOn, Inc.*, No. 3:06-CV-0822-G, 2007 U.S. Dist. LEXIS 17646, 2007 WL 670550, at *2 (N.D. Tex. Mar. 2, 2007).  Once this threshold inquiry is surmounted, "[i]n the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62 (2013).

The list of private factors district courts consider when evaluating the propriety of a § 1404(a) motion—considerations the Supreme Court describes as "private interest factors"—includes the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the

4

action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Weber v. PACT XPP Technologies, AG*, 811 F.3d 758, 766-67 (5th Cir. 2016) (quoting *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 241 n.6 (1981)) (internal quotations omitted).  With respect to public factors, district courts generally consider "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). Ultimately, "[t]he decision to transfer a pending case is committed to the sound discretion of the district court." *Santander*, 2017 U.S. Dist. LEXIS 129475, 2017 WL 3492228, at *2.

The presence of a valid forum-selection clause in the parties' contract significantly alters the analysis. *See Weber*, 811 F.3d at 767. Under federal law, if the forum-selection clause at issue is clear, mandatory, and enforceable, the plaintiff's choice of forum "merits no weight" and, instead, the plaintiff bears the burden of establishing that § 1404(a) transfer is unwarranted. *Weber*, 811 F.3d at 767 (citing *Atlantic Marine*, 571 U.S. at 63) *see also Calix-Chacon v. Global International Marine, Inc.*, 493 F.3d 507, 513 (5th Cir. 2007) ("'[A] valid forum selection clause is given controlling weight in all but the most exceptional cases.'" (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring))).

But proceeding with the analysis above presupposes the existence of a mandatory and unambiguous forum-selection clause. See *Atlantic Marine*, 571 U.S. at 62 n.5.

5

Depending upon the wording of the clause, courts have categorized forum selection clauses as either 'permissive' or 'mandatory' in nature. The caselaw in this circuit recognizes a sharp distinction between mandatory and permissive forum-selection clauses. *See Weber*, 811 F.3d at 768. A mandatory forum-selection clause provides that all litigation must be conducted in a specified forum. *LeBlanc v. C.R. England, Inc.,* 961 F. Supp. 2d 819, 828 (N.D. Tex. 2013) (citing *UNC Lear Services, Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009)). Mandatory forum-selection clauses "go beyond establishing that a particular forum will have jurisdiction and [] clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* (quoting *UNC Lear*, 581 F.3d at 219). By contrast, although permissive forum-selection clauses authorize venue in a designated forum, they do not prohibit litigation elsewhere. *Id.*; see also *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 561 (N.D. Tex. 2003) (discussing the types of clauses courts have deemed permissive rather than mandatory). A permissive forum-selection clause "is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum." *Weber*, 811 F.3d at 768.

In sum, when a court considers whether to transfer a case pursuant to a § 1404(a) motion and the contract governing the parties' dispute contains a forum-selection clause, the analysis proceeds as follows. First, the court's threshold consideration in any § 1404(a) analysis is whether the civil action might have been brought in the transferee court. *Santander*, 2017 U.S. Dist. LEXIS 129475, 2017 WL 3492228, at *2. Second, assuming the court decides that threshold question in the affirmative, the court then evaluates whether

6

the clause in question is mandatory or permissive. See *LeBlanc*, 961 F. Supp. 2d at 828. If the court concludes that the clause is permissive, the court embarks on a typical § 1404(a) analysis. Under this analysis, to succeed on its motion, the party moving for a change of venue must satisfy its heavy burden of demonstrating why the forum should be changed. *See Dupre*, 810 F. Supp. at 825.

## ANALYSIS

**1. This Action Could Have Been Brought in the Southern District of Florida and the Forum Selection Clause in the Agreement is Permissive.**

First the Court finds that all claims in this action could have been brought in the U.S. District Court for the Southern District of Florida.[2] In light of the express language of the forum selection clause in the Agreement, the Court finds that the parties waived their right to challenge personal jurisdiction in the transferee court. The Court also finds that if this action was filed in the transferee court, venue would be proper there. Pursuant to Section 21.1 of the Agreement, the parties agreed to "submit to the jurisdiction and venue in the United States District Court for the Southern District of Florida." Furthermore, like this court, the U.S. District Court for the Southern District of Florida would have subject matter jurisdiction over all of Lawrence's claims.

Next the Court finds, and the parties both agree, that the forum selection clause in Section 21.1 the Agreement is permissive in nature: it does not mandate that the Southern District of Florida is the exclusive venue for all claims in this action. Accordingly, the

---

[2] Lawrence's briefing does not challenge this assertion by Del Monte.

7

Court will proceed with a typical § 1404(a) analysis to determine whether the forum of this action should be changed. See *Dupre*, 810 F. Supp. at 825.

**2. The Private Interest Factors Weigh Against Transfer.**

The Court first considers the private interest factors: relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

**i.    The Relative Ease of Access to Sources of Proof**

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, 2019 U.S. Dist. LEXIS 171102, 2019 WL 4743678, at *2. In determining this factor, a court must conduct "an appropriate comparison of the ease of access to sources of proof in the two forums." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original).

The majority of Lawrence's claims, three out of four, are for intentional tortious conduct against a Louisiana company that occurred in Texas. The Court finds that proof regarding these claims is relatively easier to access in Texas rather than Florida. Lawrence's discrimination and retaliation claims concern shipping operations between Galveston and Dallas, Texas and the conduct of Del Monte employees Amy Tucker and Cristobal Villafranca working in its Texas offices. There are no allegations of

8

discriminatory or retaliatory conduct by anyone working for Del Monte in Florida and Lawrence's records regarding the alleged discrimination will be located Louisiana which is closer to this forum than southern Florida. Likewise, Lawrence's tortious interference claims involve the shipping operations at the Port of Galveston, Texas. Records of that alleged unlawful conduct, some of which are in the custody of non-parties such as the Port of Galveston and La Bodega, will be easier for the parties to access from Houston rather than the southern district of Florida. The Court agrees with Del Monte that, with respect to Lawrence's breach of contract cause of action, some records regarding the formation and interpretation of the Agreement and payment under its terms may be found in its corporate headquarters in Florida. However, such records will not constitute the majority of proof needed to prosecute this matter, as the breach of contract claim is just one of four causes of action brought in this lawsuit. Accordingly, the Court finds that the relative ease of access to sources of proof factor weighs against transfer.

### ii.    The Availability of Compulsory Process to Secure the Attendance of Witnesses

"In this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order." *Fintiv*, 2019 U.S. Dist. LEXIS 171102, 2019 WL 4743678, at *5 (citing *Volkswagen II*, 545 F.3d at 316); *Uniloc 2017 LLC v. Apple Inc*., No. 6-19-CV-00532-ADA, 2020 WL 3415880, at *10 (W.D. Tex. June 22, 2020). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the

transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x. 886, 889 (Fed. Cir. 2014). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 U.S. Dist. LEXIS 178046, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). As party witnesses almost invariably attend trial willingly, "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-cv-00513, 2020 U.S. Dist. LEXIS 206769 (W.D. Tex. Mar. 17, 2020) (citation omitted). This factor "weigh[s] heavily in favor of transfer when more [non-party] witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x. 886, 889 (Fed. Cir. 2014).

The record contains no evidence that any party witness would be unwilling to attend the trial in this matter. Furthermore, all of the non-party witnesses that may need to be compelled to testify are located in Houston/Galveston area. None have been identified as being in the subpoena range of the U.S. District Court for the Southern District of Florida. In support of his tortious interference cause of action that arose from conduct in Galveston, Lawrence asserts that he will have call at trial not only the port manager but also

10

representatives of La Bodega who were working at the Port of Galveston. Accordingly, the Court finds that this factor weighs against transfer.

### iii.    The Cost of Attendance for Willing Witnesses

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 U.S. Dist. LEXIS 171102, 2019 WL 4743678, at *6. The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017)."However, "[c]ourts properly give more weight to the convenience of non-party witnesses than to party witnesses." *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-CV-00194-ADA, 2021 WL 2954095, at *6 (W.D. Tex. Feb. 2, 2021); *see Moskowitz Family LLC v. Globus Med., Inc.*, No. 6:19-cv-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020). Non-party witnesses are given more weight because they often have to cover their own costs of attendance. The Fifth Circuit's 100-mile rule states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue § 1404(a) is more than 100 miles, the factor of inconvenience of witnesses increases in direct relationship to the additional distance to be traveled." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (quoting *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004)).

Del Monte argues that this factor should weigh favor of transfer because "the overwhelming majority" of its anticipated witnesses are located in the Southern District of Florida. In support of this argument Del Monte identifies five of its employees in Florida

11

who it asserts would be inconvenienced by having to attend trial in Texas. The Court disagrees. This argument does not consider, as the Court must, the equal inconvenience to non-party witnesses, such as the Port of Galveston manager, employees of La Bodega and Del Monte's former employee Sharonda Masters-Lewis who would have to travel to Florida from Texas to testify if this case were transferred. Del Monte's argument also does not consider the inconvenience to its only two employees who are specifically identified in the complaint as active participants in Del Monte's alleged tortious conduct and are located in Texas. In his pleadings and briefing Lawrence has established that all of the potential non-party witnesses and the two Texas state witnesses employed by Del Monte would provide key information regarding his claims in this case. Accordingly, the Court finds that this factor weighs against transfer.

### iv.   All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

The Court finds that this factor is at most neutral. Lawrence's main concern regarding this factor appears to be the State of Florida's response to the COVID-19 pandemic. Specifically, Lawrence expresses unease in trying this case in Florida considering the state's alleged lack of adequate COVID-19 safety mandates and travel precautions.

The Court understands Lawrence's desire to remain free from COVID-19 infection. However, until just last week the U.S. District Court for Southern District of Florida COVID-19 had more safety mandates in place than the U.S. District Court for the Southern

12

District of Texas. The Court takes judicial notice that last week the U.S. District Court for Southern District of Florida lifted its mask and vaccination mandates. Those same mandates have not been in effect in the U.S. District Court for the Southern District of Texas since early spring 2022. Furthermore COVID-19 mask policies in both the Southern District of Florida and the Southern District of Texas are currently the same; each individual judge can enforce mask mandates when deemed appropriate.

### 3. The Public Interest Factors Weigh Against Transfer.

#### i. Administrative Difficulties Flowing from Court Congestion

The relevant inquiry under this factor is "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). A faster average time to trial means a more efficient and economical resolution of the claims at issue.). According to the most recent federal judicial caseload statistics,[3] the median time between the filing and disposition of a civil case in the Southern District of Texas is 21.1 months, compared to 17.5 months in the Southern District of Florida. The Southern District of Texas had 849 total case filings per judge, while the Southern District of Florida had 640. Given these statistics, this factor weighs in favor of transfer.[4]

---

[3] Available at https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2021.

[4] The Court takes judicial notice that since the filing of this motion, the State of Florida experienced the devasting effects of Hurricane Ian. It is unclear at this time how, in the long term, statewide federal judicial operations and caseloads may be impacted because of this disaster.

13

### ii.    Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 U.S. Dist. LEXIS 197583, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). While there may be little localized interest in having Lawrence's breach of contract claims decided in Texas, the same cannot be said to be true regarding the majority of his claims in this suit. These tort claims involve alleged racially discriminatory and retaliatory practices against business operating in Texas and involve Texas residents as both participants and witnesses. They also involve the interference of businesses operating in Texas. Accordingly, the Court finds that this factor weighs against transfer.

### iii.    Familiarity of the Forum with the Law That will Govern the Case

The familiarity of the forum with governing law should only be considered a public-interest factor weighing in favor of transfer if the governing law is "exceptionally arcane." *See Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 68 (2013). The Supreme Court has held that "federal judges routinely apply the law of a State other than the state in which they sit." *Id.* Here only one of the four causes of action, Lawrence's breach of contract claim, is premised on Florida law. [5] Del Monte has not argued that

---

[5] Section 21.1 of the Agreement provides that Florida law will govern any disputes regarding the Agreement.

14

Florida contract law is "exceptionally arcane", and Court is confident in its ability to apply Florida state law to resolve this sole claim.[6] Accordingly the Court finds that this factor is at best neutral.

### iv.    Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Neither party makes any argument regarding the application of this factor and the Court considers it neutral.

## CONCLUSION

Having found that the relative ease of access to sources of proof factor weighs against transfer, the availability of compulsory process to secure the attendance of witnesses factor weighs against transfer, the cost of attendance of willing witnesses factor weighs against transfer, administrative difficulties flowing from court congestion weighs in favor of transfer, the local interest in having localized interests decided at home factor weighs against transfer and all other factors being at best neutral, the Court finds that Del Monte has not met its heavy burden to demonstrate that the U.S. District Court for the Southern District of Florida is "clearly more convenient." *See Volkswagen II*, 545 F.3d at 314 n.10; *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007).[7]

Accordingly, Defendant Del Monte 's Motion to Transfer. (Dkt. 20) is **DENIED**.

---

[6] Two of Lawrence's claims apply federal anti-discrimination laws under 42 U.S.C. Section 1981 and federal courts regardless of the forum state in which they sit have equal familiarity with these laws.

[7] In its reply brief Del Monte argues, in the alternative, that this action should be transferred to the U.S. District Court for the Northern District of Texas. The Court finds that for the same

SIGNED AT HOUSTON, TEXAS, on October 18, 2022.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

reasons stated above in this order, the Northern District of Texas is not a clearly more convenient forum than the Southern District of Texas for this action.

16