## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS LAWRENCE d/b/a SKYWARD TRANSPORTATION, INC., | § § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:20-cv-04236 |
| | § | |
| FRESH DEL MONTE PRODUCE, INC. | § | |
| a/k/a DEL MONTE FRESH PRODUCE | § | |
| (TEXAS), INC., | § | |
| Defendant/Counter-Plaintiff. | § | |

---

## DEFENDANT'S/COUNTER-PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

---

Defendant/Counter-Plaintiff Fresh Del Monte Produce, Inc. ("FDM") files this

Emergency Motion for Sanctions and Request for Order and respectfully shows as follows:

### I. SUMMARY OF ARGUMENT AND RELIEF SOUGHT

FDM requests this Court to sanction Plaintiff Skyward Transportation Inc.

("Skyward"), Curtis Lawrence ("Lawrence"), and its legal counsel, John Pieksen

("Pieksen") and Michael Bagneris ("Bagneris") for materially altering evidence and

committing a fraud on the Court. Based on Skyward's bad faith and the egregiousness of

this fraudulent misconduct on the Court, FDM believes a substantial monetary sanction,

the reimbursement of FDM's attorney's fees, and dismissal of this lawsuit with prejudice,

is warranted.

### II. STATEMENT OF THE ISSUES

Whether Skyward, Lawrence, and its counsel, Pieksen and Bagneris, spoliated

evidence by fraudulently altering Skyward's 2018 contract with Conecta to support its

tortious interference of contract claim in its Opposition to Defendant's Motion for Summary Judgment [Dkt. No. 56-5] and also including this fraudulently altered contract as a Trial Exhibit [Dkt. No. 95].[1]

## III.   STATEMENT OF FACTS

### A.   There Is No Evidence There Is A Contract Between La Bodega And Skyward as Claimed in Skyward's Complaint.

1.      In its Complaint, which Skyward has not amended in three years, Skyward asserts FDM tortiously interfered with Skyward's contractual relationship with La Bodega Meat & Produce, Inc. ("La Bodega").

2.      On April 12, 2023, FDM issued La Bodega, the distribution affiliate of Supermercado El Rancho ("El Rancho"), a Subpoena to Testify at a Deposition in a Civil Action, regarding the contracts that it had with Skyward. Specifically, the Subpoena sought "any and all business records pertaining to Curtis Lawrence and Skyward Transportation from 1/1/2018 to present."[2]

3.      On April 24, 2023, FDM deposed Skyward's corporate representative, Curtis Lawrence ("Lawrence").   During the deposition, he testified Skyward did not have a contract with La Bodega.[3] For the first time, Lawrence mentioned another La Bodega and El Rancho-affiliated company, Conecta Logistics, LLC ("Conecta")[4]

4.      As a result of Lawrence's testimony, on May 1, 2023, FDM subpoenaed

---

[1] See Line 18. "Conecta/La Bodega contracts with Skyward, including Back-Hauls from DM's dock at Port of Galveston; CL-DM-Conecta 001-38, 39-45, 46-64."
[2] Subpoena to Testify at a Deposition in a Civil Action to La Bodega, attached as **Exhibit 1**.
[3] See Deposition Transcript, p. 188, l. 19-20, 21-22, 24-25 attached as **Exhibit 2**.
[4] See Deposition Transcript, p. 191, l. 3-6, attached as **Exhibit 2**.

Conecta, also an affiliated company with La Bodega and El Rancho, seeking "any and all business records pertaining to Curtis Lawrence and Skyward Transportation from 1/1/2018 to present."[56]

5.     On May 22, 2023, on behalf of all three entities, El Rancho produced, subject to the Subpoena, three Transportation Service Agreements ("Conecta Contracts") between Conecta and Skyward, a 2018,[7] 2021,[8] and 2023[9] Contract.

6.     On June 14, 2023, La Bodega produced, subject to the Subpoena, its copies of the contracts between Conecta and Skyward, a 2018,[10] 2021,[11] and 2023[12] Contract.

7.     The 2018 Conecta Contracts that La Bodega and El Rancho produced are the same and will be referred to as the "2018 La Bodega/El Rancho-produced Conecta Contract" in this Motion.

8.     No contracts were produced to establish any contractual relationship between Skyward and La Bodega.

---

[5] Subpoena to Testify at a Deposition in a Civil Action to Conecta, attached as **Exhibit 3**.

[6] On April 24, 2023, during Skyward's Corporate Representative Deposition, Curtis Lawrence admitted under oath that Skyward did not have a contract with La Bodega.

[7] 2018 Conecta Contract produced by Supermercado El Rancho on May 22, 2023, attached as **Exhibit 4**, EL RANCHO SDT 01 – 19, (El Rancho-produced 2018 Conecta Contract).

[8] 2021 Conecta Contract produced by Supermercado El Rancho on May 22, 2023, attached as **Exhibit 5**, EL RANCHO SDT 20 – 40, (El Rancho-produced 2021 Conecta Contract).

[9] 2023 Conecta Contract produced by Supermercado El Rancho on May 22, 2023, attached as **Exhibit 6**, EL RANCHO SDT 41 – 61, (El Rancho-produced 2023 Conecta Contract).

[10] 2018 Conecta Contract produced by La Bodega on June 14, 2023, attached as **Exhibit 7**, La Bodega Meat & Produce, Inc. – 00001 – 00019 (La Bodega-produced 2018 Conecta Contract).

[11] 2021 Conecta Contract produced by La Bodega on June 14, 2023, attached as **Exhibit 8**, La Bodega Meat & Produce, Inc. – 00020 – 00040 (La Bodega-produced 2021 Conecta Contract).

[12] 2023 Conecta Contract produced by La Bodega on June 14, 2023, attached as **Exhibit 9**, La Bodega Meat & Produce, Inc. – 00041 – 00061 (La Bodega-produced 2023 Conecta Contract).

9.      Thirty-eight (38) days after the deposition and nearly three (3) years after Skyward filed this Complaint, on June 1, 2023, Skyward produced what it represented to be *the* 2018 contract[13] and a 2021 contract[14] it had with Conecta—not La Bodega.

10.     However, Skyward never amended its Complaint to reflect its alleged contract was with Conecta, not La Bodega, even after producing this alleged contract.

11.     On July 13, 2023, FDM filed its Motion for Summary Judgment and argued Skyward could not establish a tortious interference claim because its owner and corporate representative, Lawrence, admitted there was no contract between Skyward and La Bodega, as set forth in its Complaint, *and* there was no contract produced in this lawsuit between La Bodega and Skyward.

12.     On August 3, 2023, Skyward filed its Memorandum in Opposition to Defendant's Motion for Summary Judgment and relied on the 2018 Skyward-produced *Conecta* Contract as evidence to support its tortious interference and Section 1981 retaliation claims based on a *La Bodega* Contract. The introductory paragraph of this Contract reflects the parties as Conecta and Skyward—not La Bodega. [Dkt No. 56-5].

13.     On November 13, 2023, the Court denied FDM's Motion for Summary Judgment in its entirety, including this claim, despite there being *no evidence* to support the existence of a contractual relationship between La Bodega and Skyward as set forth in the Complaint. [Dkt. No. 83.]

---

[13] 2018 Conecta Contract produced by Skyward on June 1, 2023, Bates labeled CL-DelMonte Conecta 001-019, attached as **Exhibit 10** (Skyward-produced 2018 Conecta Contract).
[14] 2021 Conecta Contract produced by Skyward on June 1, 2023, Bates labeled CL-DelMonte Conecta 020-038, attached as **Exhibit 11** (Skyward-produced 2021 Conecta Contract).

**B. FDM Realizes the 2018 Skyward-Produced Conecta Contract is Different than the 2018 La Bodega/El Rancho-produced Conecta Contract.**

14.     La Bodega and El Rancho produced one version of the 2018, 2021, and 2023 Conecta Contracts. No party—including Skyward—produced an original or amended version of the 2018, 2021, or 2023 Conecta Contracts.[15]

15.     In preparation for the upcoming bench trial set for December 14, 2023, FDM realized that while the 2018 Skyward-produced Conecta Contract on its face appeared to be the same as the 2018 La Bodega/El Rancho-produced Conecta Contract, a closer look proved otherwise. Notably, Skyward did not produce the 2023 Conecta  Contract ***but a page from that 2023 La Bodega/El Rancho-produced Conecta Contract*** was included in 2018 Skyward-produced Conecta Contract.

16.     FDM reviewed the following contracts:

    a.     2018 Conecta-Skyward Contract produced by La Bodega
    b.     2018 Conecta-Skyward Contract produced by El Rancho
    c.     2018 Conecta-Skyward Contract produced by Skyward
    d.     2021 Conecta-Skyward Contract produced by La Bodega
    e.     2021 Conecta-Skyward Contract produced by El Rancho
    f.     2021 Conecta-Skyward Contract produced by Skyward
    g.     2023 Conecta-Skyward Contract produced by La Bodega
    h.     2023 Conecta-Skyward Contract produced by El Rancho[16]

17.     Based on the review of these eight contracts, only one reasonable conclusion can be drawn—Skyward materially altered the 2018 Skyward-produced Conecta Contract

---

[15] Though the La Bodega/El Rancho Conecta Contracts are exactly the same, there still remains validity issues on the face of those contracts.

[16] Skyward also materially altered the 2021 Skyward-produced Conecta Contract. However, Skyward's frivolous tortious interference and Section 1981 retaliation claims concern the year 2020. Thus, an analysis of Skyward's 2021 spoliated evidence is not included here.

to make it appear that it was relevant to this lawsuit after admitting under oath that a contract with La Bodega did not exist to support Skyward's claim.

### C. Examples of Skyward's Fraudulent Alterations to the 2018 Conecta Contract.

18.     The following are some of the material changes found in the 2018 Skyward-produced Conecta Contract when compared to the 2018 La Bodega/El Rancho-produced Conecta Contract.

19.     Page 15 of the 2018 Skyward-produced Conecta Contract includes a self-serving paragraph that is not included in the 2018 La Bodega/El Rancho-produced Conecta Contract. It is intentionally added to perpetrate a fraud on the Court to support its tortious interference and Section 1981 retaliation claims by referencing Galveston assignments. *No Galveston lane assignments are referenced in the 2018 La Bodega/El Rancho-produced Conecta Contracts, nor any specific backhaul rate of $700.00.*[17]



**Page 15 of the 2018 Skyward-Produced Conecta Contract**

---

[17] Skyward's intentional fraud on the Court is further emphasized in its reliance on the fraudulently produced list of back-hauls that specifically rely on the $700 rate. See Plaintiff's Memo in Opp to MSJ at page 5 [Dkt. No. 56] and Exhibit E – Skyward – La Bodega Contracts at page 3 and page 15. [Dkt. 56-6].

Louisiana Route amended to add to contract 7/3/2019

Days            Wednesday  (May change due to customer)

Rates           $2350 (includes backhaul from Hammond, La) $1150 without backhaul

If Conecta DBA Texas State Logistics was to cease operations the contract would be assumed by LaBodega Meat and Produce, LLC and kept in place.

Local route driver (night) - $400 per night

Local hot shot (daytime) - $450 per occurrence

15

**Page 15 of the 2018 La Bodega/El Rancho-Produced Conecta Contract**

20.    Accordingly, Skyward produced a version of the 2018 Conecta Contract that included a material alteration of the business arrangement—that coincidentally resolves the issues with its tortious interference and Section 1981 retaliation claims after Lawrence's deposition. Notably, the 2018 La Bodega/El Rancho-produced Conecta Contracts did not include this same language regarding both parties' obligations under the agreement.

21.    On page 3 of the 2018 Skyward-produced Conecta Contract, it has "$350" included in provision (c), which is in blue ink and more legible than in the same blurred language in the 2018 La Bodega/El Rancho-produced Conecta contracts.



**Page 3 of the 2018 Skyward-Produced Conecta Contract**



**Page 3 of the 2018 La Bodega/El Rancho-Produced Conecta Contract**

22.    Accordingly, Skyward clearly altered the 2018 Conecta Agreement because the same 2018 Conecta Contract La Bodega/El Rancho produced shows the $350 blurred.

23.     Then, FDM discovered what Skyward must have done. It replaced page 3 of the 2018 Contract ***with the third page of the 2023 Conecta-Skyward Contract produced by La Bodega and El Rancho, but not Skyward***.[18] This was obvious because the 2023 version included "$350," in the same easily readable blue ink.



**Page 3 of the 2023 La Bodega/El Rancho-Produced Conecta Contract**

24.     Accordingly, there can be no factual dispute that Skyward altered the 2018 Conecta Contract. The motive is also clear—in the three years this case has been pending, ***Skyward has failed to produce even one invoice*** between FDM and Skyward ***or*** between Skyward and Conecta, La Bodega, or El Rancho. The only way Skyward can even attempt to establish any  damages is to rely on the terms of the contracts and for Lawrence to testify to the number of loads. Skyward cannot rely on the actual 2018 contracts La Bodega and El Rancho produced because they do not reference La Bodega or Conecta assigning any Galveston lanes in 2018.[19]

---

[18] See **Exhibit 10** at page 3, **Exhibit 6** at page 3, and **Exhibit 9** at page 3.
[19] See **Exhibit 4** and **Exhibit 7**.

25.     A review of pages 10 through 12 of the 2018 Skyward-produced Conecta Contract provides the starkest examples that Skyward intentionally altered the 2018 Conecta Contract. First, provisions 16 (f)-(i) are missing in the Skyward-produced Conecta Contract when compared to the 2018 La Bodega/El Rancho Conecta Contract.[20]

26.     Second, on page 11, the company name above Jose Torres' signature is "Conecta Logistics" in the Skyward-produced Contract whereas it is "La Bodega Meat, LLC" in the 2018 La Bodega/El Rancho-produced Contract. Further, there are obvious color differences between Jose Torres and Curtis Lawrence's signatures.[21]



**Page 11 of the 2018 Skyward-Produced Conecta Contract**

---
[20] See **Exhibit 10** at page 10-11, **Exhibit 4** at page 10-11, and **Exhibit 7** at page 10-11.
[21] See **Exhibit 10** at page 11, **Exhibit 4** at page 11, and **Exhibit 7** at page 11.
DEFENDANT'S/COUNTER-PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE                                                                                    PAGE 10 OF 21



**Page 11 of the 2018 La Bodega/El Rancho-Produced Conecta Contract**

27.      Third, on page 11 of the 2018 Skyward-produced Conecta Contract, there are legible and color differences between Jose Torres and Curtis Lawrence's signatures. ***And, to be noted,*** Jose Torres signed under "Conecta Logistics" and not for "La Bodega Meat LLC" as stated on page 11 of the 2018 Skyward-produced Conecta Contract.[22] Further, page 12 of the 2018 La Bodega/El Rancho Conecta Contract is completely removed from the 2018 Skyward-produced Conecta Contract.[23]



**Page 12 of the 2018 Skyward-Produced Conecta Contract**

---

[22] See **Exhibit 10** at page 11, **Exhibit 4** at page 12, and **Exhibit 7** at page 12.
[23] See **Exhibit 10** at page 10-12, **Exhibit 4** at page 10-13, and **Exhibit 7** at page 10-13.



**Page 13 of the 2018 La Bodega/El Rancho-Produced Conecta Contract**

28.    Finally, on page 17 of the 2018 Skyward-produced Conecta Contract, the delivery rate percentage is 93%, whereas it is 97% in the 2018 La Bodega/El Rancho version.[24]

> **Exhibit C**
>
> **Performance Standards and Expectations**
>
> Failure to adhere to any of the following expectations can result in termination of this contract. The decision to terminate will be at the sole discretion of the La Bodega if three or more of the expectations are not met within a six month period.
>
> **On-time delivery rate**
> The delivery rate must maintain 93% on time or greater per route.

**Page 17 of the 2018 Skyward-Produced Conecta Contract**

---

[24] See **Exhibit 10** at page 17, **Exhibit 4** at page 16, and **Exhibit 7** at page 16.

---

**Exhibit C**

**Performance Standards and Expectations**

Failure to adhere to any of the following expectations can result in termination of this contract. The decision to terminate will be at the sole discretion of the La Bodega if two or more of the expectations are not met within a six month period.

<u>On-time delivery rate</u>
The delivery rate must maintain 97% on time or greater.

---

Page 16 of the 2018 La Bodega/El Rancho Produced Conecta Contract

## IV.    <u>LEGAL AUTHORITIES AND ANALYSIS</u>

### A.    General Legal Standards for the Court to Issue Inherent-Power Sanctions

"A district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal quotation marks omitted). This includes "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Accordingly, this Court "has inherent power to sanction attorneys for bad faith conduct in litigation." *Crowe v. Smith,* 261 F.3d 558, 563 (5th Cir. 2001) (emphasis added).

Texas district courts have found that "[t]he court's inherent power to sanction includes the power to award attorneys' fees and costs in an amount designed to provide full relief to the aggrieved party. *Deutsch v. Henry*, 15-CV-1238, 2016 WL 7165993, at *21 (W.D. Tex. Dec. 7, 2016) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980)). It is within this Courts discretion to determine the amount of punitive assessments. Gregory P. Joseph, Sanctions § 28(B)(2) (5th ed. 2013). *See also NASCO, Inc. v. Calcasieu Television and Radio, Inc.,* 124 F.R.D. 120, 147 (W.D. La 1989), *aff'd*

*and remanded*, *NASCO, Inc. v. Calcasieu Television & Radio, Inc.,* 894 F.2d 696 (5th Cir. 1990)*, aff'd sub nom., Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (imposing sanctions of almost $1 million in attorneys' fees and expenses).

### B.    Spoilation of Evidence is Sanctionable Misconduct.

The Southern District of Texas has held that spoliation of evidence "is the destruction or the significant and meaningful alteration of evidence." *Rimkus Consulting Grp., Inc. v. Cammarata,* 688 F.Supp.2d 598, 612 (S.D. Tex. 2010). The Fifth Circuit Court of Appeals has upheld an adverse inference against the spoliator or sanctions against the spoliator when there is an evident showing of "bad faith" or "bad conduct." *Condrey v. SunTrust Bank of Georgia,* 431 F.3d 191, 203 (5th Cir. 2005) (internal quotation marks omitted). A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant. *Rimkus,* 688 F.Supp.2d at 612. "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).

### C.    Skyward Intentionally and Fraudulently Altered the 2018 Conecta Contract to Revive its Failing Tortious Interference and Section 1981 Retaliation Claims.

A cursory review of the three 2018 contracts produced in this lawsuit establishes there is no question that Skyward materially altered its 2018 agreement in a last-minute attempt to support its frivolous tortious interference and Section 1981 retaliation claims. Skyward admitted under oath that it does not have a contract with La Bodega, which as a matter of law, should have resulted in the dismissal of its tortious interference and Section

1981 retaliation claims on the Motion for Summary Judgment.[25]  Then, a month and a half after Skyward's Corporate Representative deposition with Lawrence, Skyward produced a purported 2018 agreement with another La Bodega affiliated company, Conecta, to support its frivolous tortious interference and Section 1981 retaliation claims. [26]

Notably, the 2018 Skyward-produced Conecta Contract is very similar to the two 2018 contracts La Bodega and El Rancho produced, with the exception of obvious alterations. Further, despite its position that the contract was with Conecta, Skyward never amended its Complaint to state the agreement was between Skyward and Conecta, not Skyward and La Bodega.[27]

Importantly, the other party to the contractual agreement, La Bodega, and its parent company, El Rancho, produced documents subject to a subpoena for "any and all business records pertaining to Curtis Lawrence and Skyward Transportation from 1/1/2018 to present."[28]  They produced the 2018, 2021, and 2023 Conecta Contracts, all signed by Skyward's owner, Lawrence. When reviewing the 2018 Skyward-produced Conecta Contract, it is evident that the document has been materially altered by adding self-serving sections of the contract, removing sections of the form contract, falsifying signatures, and numerous pages with different page numbers.

---

[25] See **Exhibit 2**.
[26] See **Exhibit 10**.
[27] See Complaint, Dkt. No. 1.
[28] See **Exhibit 1**.

### D.   FDM Conferred with Skyward about these Clear Alterations to the 2018 Conecta Agreement but Its Counsel Failed to Provide an Explanation.

After realizing these clear alterations to the 2018 Conecta Agreement, FDM conferred with Skyward's counsel on three occasions—twice by e-mail and once over Zoom on December 7, 2023.[29]  Over a Zoom conference, FDM put together a short Power Point presentation to share how the 2018 Skyward-produced Conecta Contract was materially altered based on the 2018 La Bodega/El Rancho-produced Conecta Contracts.

Skyward's counsel refused to take these allegations seriously. Instead, Skyward's counsel claimed there were "different iterations" of the agreements and then sent an email explanation which randomly referred to someone named Justin McQueen—*who has never been disclosed in this three-year old lawsuit*:

> We have independently verified from Justin McQueen that both contracts at issue are legitimate and genuine and that there are a number of versions, because the contract was amended as new lanes and/or other matters were agreed to by the parties.[30]

FDM responded by inquiring who Mr. McQueen was and how would he have that information. However, Skyward has failed to respond as of the filing of this Motion.

### E. The Severity of the Sanction Imposed for Spoliation is Based on a Showing of Bad Faith.

Where there is evidence of "bath faith," it is proper to issue severe sanctions by granting a default judgment, striking pleadings, or giving adverse inference instructions. *Rimkus Consulting Group, Inc. v Cammarata*, 688 F Supp. 2d 598, 614 (S.D. Tex. 2010)

---

[29] Email exchange between Skyward and FDM counsel, attached as **Exhibit 12**.
[30] *Id.* at page 1.

citing *Condrey v. SunTrust Bank of Ga.,* 431 F.3d 191, 203 (5th Cir. 2005); *King v. Ill. Cent. R.R.,* 337 F.3d 550, 556 (5th Cir. 2003); *United States v. Wise,* 221 F.3d 140, 156 (5th Cir. 2000).

Here, there can be no dispute based on the numerous alterations that Skyward acted in bad faith. Prior to its deposition on April 24, 2023, Skyward had not produced any contracts with La Bodega (or Conecta) and never mentioned Conecta in its pleadings or discovery responses. After Lawrence admitted under oath that he did not have a contract with La Bodega, he fraudulently concocted a contract in a desperate attempt to keep his frivolous tortious interference and Section 1981 retaliation claims alive.

Further, the 2018 La Bodega/El Rancho-produced Conecta Contract did not refer to any Port of Galveston lanes that La Bodega or Conecta assigned to Skyward. Accordingly, the actual 2018 Conecta Contract undermines Skyward's tortious interference and Section 1981 retaliation claims. The timing of Skyward's production of the fraudulently altered 2018 Conecta Contract establishes Skyward had the motive to manipulate the 2018 La Bodega-produced Conecta Contract that was in place to thwart the dismissal of his frivolous tortious interference and Section 1981 retaliation claims.

As set forth above, on page 15 of the 2018 Skyward-produced Conecta Contract, Skyward inserted a "note" to commit a fraud to mislead the Court that Conecta hired Skyward to handle loads from the Port of Galveston during the relevant time period.



**Page 15 of the 2018 Skyward-Produced Conecta Contract**

Further, Skyward altered the agreement on page 11 by changing the signature line from "La Bodega Meat, LLC" to "Conecta Logistics."[31] This self-serving addition was not reflected in the 2018 La Bodega/El Rancho-produced Conecta Contract.[32]



**Page 11 of the 2018 Skyward-Produced Conecta Contract**

---

[31] See **Exhibit 10** at page 11.
[32] See **Exhibit 4** at page 11, and **Exhibit 7** at page 11.

These are two of the most egregious alterations Skyward made that cannot be explained away by Skyward's counsel disingenuous and convenient claim that there are different versions of the 2018 agreement.   Accordingly, Skyward's bad faith and fraudulent conduct, namely intentionally altering evidence and producing it in discovery and attaching it to memorandum filed with the Court, should be sanctioned by dismissing this case, issuing a large monetary fine, and ordering the payment of FDM's attorney's fees and costs associated for litigating this frivolous lawsuit.

## V.    <u>CONCLUSION AND PRAYER</u>

As a result of Skyward's clear bad faith, FDM respectfully requests that the Court enter an Order providing the following relief:

1.    Dismissal of this lawsuit with prejudice;

2.    A monetary sanction in the Court's discretion;

3.    An award of expense sanctions against Plaintiff and its counsel for the reimbursement of FDM's attorney's fees and costs in litigating this lawsuit.

4.    Such other and further relief to which FDM may be justly entitled and which the Court has discretion to grant as set forth herein.

Respectfully submitted,

**STEWART LAW GROUP PLLC**


*/s /Amy M. Stewart*
**Amy M. Stewart**
State Bar No. 24060660
Email: astewart@stewartlawgrp.com
**Semaj Garrett**
State Bar No. 24119221
Email: sgarrett@stewartlawgrp.com
One Arts Plaza
1722 Routh St., Suite 745
Dallas, Texas 75201
Telephone: (469) 607-2300
Facsimile: (469) 607-2301

**ATTORNEYS FOR FRESH DEL MONTE
PRODUCE, INC.**


## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 11, 2023, a true and correct copy of the foregoing document was emailed to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Amy M. Stewart*
Amy M. Stewart

## <u>CERTIFICATE OF CONFERENCE</u>

FDM's counsel attempted to resolve the issues in this motion with Plaintiff's counsel in good faith but could not reach an agreement. As per Court Procedures, the efforts made to resolve the matter are documented below.

On December 6, 2023, FDM's counsel emailed Plaintiff's counsel regarding the altered contracts produced by Plaintiff and Plaintiff's use as a potential trial exhibit.[33] On December 7, 2023, FDM's counsel held a conference with Plaintiff's counsel regarding the three versions of the same 2018 contract regarding La Bodega, El Rancho and Lawrence/Skyward. During this conference, Plaintiff's counsel advised they would investigate these issues with Plaintiff.  On December 7, 2023, Plaintiff's counsel advised FDM's counsel they had independently verified the contracts from Justin McQueen and will be using the "Skyward" version as a trial exhibit.[34]

As of the time of the filing of this motion, Plaintiff's counsel is opposed to the relief requested herein.

*/s/ Amy M. Stewart*
Amy M. Stewart

---

[33] See **Exhibit 12** at page 3-4.
[34] *Id.* at page 1.